UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SRSNE Site Group, | ) |
| Plaintiff, | ) Civil Action No. 3:12-cv-00443 (VLB) |
| v. | ) |
| Advanced Coatings Co., et al. | ) October 5, 2012 |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT AMERICAN VALVE, INC., TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant American Valve, Inc. ("Defendant" or "American Valve"), files this memorandum in support of the accompanying Motion of Defendant American Valve, Inc., to Dismiss Plaintiff's Amended Complaint. The Amended Complaint, Docket No. 46, filed May 23, 2012, does not state a colorable claim against Defendant and must be dismissed per Fed.R.Civ.P. 12(b)(6).

I. <u>Factual Background</u>

As alleged in the Amended Complaint, ¶¶ 1, 93-96, Plaintiff is an association of companies that, without themselves admitting any liability, entered into a consent decree to reimburse the United States and the State of Connecticut for cleanup performed at, and prospectively pay for future cleanup to be performed at, the Solvents Recovery Service of New England Superfund Site. The instant action is the Plaintiffs' collective attempt to obtain contribution costs from all other parties they claim may be liable. See, Amended Complaint, passim. From the 120 paragraphs of the Amended Complaint, the following 17 paragraphs contain the only allegations that could

ORAL ARGUMENT IS REQUESTED

potentially be interpreted to include Defendant, only one of which specifically identifies Defendant:

a) From the "Parties" section of the Amended Complaint:

2. Defendants are parties who, and/or whose predecessors-in-interest, owned, generated, possessed, intentionally arranged for disposal and/or transported hazardous substances, hazardous wastes and/or hazardous materials disposed of at the Solvents Recovery Service of New England, Inc. Superfund Site in Southington, Connecticut (the "Site").

6. Defendant American Valve, Inc., successor to the liability of American Valve Mfg. Corp., is a North Carolina corporation with a principal place of business at 4321 Piedmont Parkway, North Carolina.

b) From the "Facts" section of the Amended Complaint:

84. Hazardous substances and hazardous wastes of the same kind as that owned, generated, possessed, arranged for disposal or transported by Defendants and/or their predecessors-in-interest are present at the Site.

85. Documents and information confirm that the hazardous substances and hazardous wastes owned, generated, possessed, arranged for disposal or transported by Defendants and/or their predecessors-in-interest were disposed of at the Site.

88. Many Defendants were afforded opportunities to settle their respective Site liability with EPA and CTDEP; however, those Defendants rejected each respective offer.

89. Other Defendants were not identified or located by EPA or CTDEP at the time of earlier settlements and did not receive any offer.

90. Plaintiff attempted in good faith to extend one final settlement opportunity to each Defendant prior to initiating this action; Defendants who received the offer have each rejected or failed to respond to that respective settlement offer.

97. To the best of Plaintiff's knowledge, Defendants have incurred no response costs in relation to the Site.

c) From the "First Claim" section of the Amended Complaint:

107. Each Defendant is a person who contracted, agreed, or otherwise intentionally arranged for disposal or treatment, or itself transported or arranged for the disposal or treatment of hazardous substances at or to the Site, and each has no defense against liability pursuant to §107(b).

108. Plaintiff and its members have incurred, and will continue to incur, costs for cleanup and remediation of the Site pursuant to the Consent Decree in excess of their respective equitable shares and therefore are entitled to contribution from each Defendant for its equitable share of such costs.

d) From the "Second Claim" section of the Amended Complaint:

112. Each Defendant is a person whose negligence or other actions has caused contamination at the Site.

113. Plaintiff and its members have incurred, and will continue to incur, costs for cleanup and remediation of the Site pursuant to the Consent Decree in excess of their respective equitable shares and therefore are entitled to recover such costs plus interest from each Defendant. Alternatively, Plaintiff seeks contribution from each Defendant for its equitable share of the Site costs incurred and to be incurred.

e) From the "Third Claim" section of the Amended Complaint:

115. Plaintiff is entitled to a declaration to protect the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction caused by Defendants' hazardous substances and hazardous waste at the Site.

116. Defendants' conduct and failures to act, alone or in combination with other Defendants, has, or is reasonably likely to unreasonably pollute, impair, or destroy the public trust in the air, water, or other natural resource of the State of Connecticut.

117. Defendants are liable to Plaintiff for each Defendant's equitable or proportionate share of obligations and costs incurred and to be incurred and damages paid by Plaintiff and its members.

f) From the "Fourth Claim" section of the Amended Complaint:

> 119. There is a real and actual controversy between Plaintiff and each Defendant concerning the nature and extent of each Defendant's obligation to pay toward Site costs and damages.
>
> 120. Plaintiff is entitled to a declaration that Defendants are liable to Plaintiff for each Defendant's equitable or proportionate share of obligations and costs incurred and to be incurred and damages paid by Plaintiff and its members in relation to the Site.

None of these 17 allegations, individually or collectively, set forth facts that would suggest Defendant's is liable to Plaintiff, let alone American Valve Manufacturing Corp. ("AVMC"), the alleged predecessor-in-interest. They are mere conclusions of law and fail to state a claim.

## II. Legal Standard

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court must "assess the legal feasibility of a complaint" without consideration of the ultimate evidence a Plaintiff might proffer. See, Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). In determining whether the Plaintiff might have a plausible and valid claim for relief, the Court must consider the material facts alleged, accept them as true, and draw reasonable inferences in the favor of the non-moving party. See, Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Under Twombly, in considering those material factual allegations, to meet the pleading requirement of Fed.R.Civ.P. 8, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and

"enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

The standard set forth in Twombly and Iqbal requires a plaintiff to plausibly "provide the grounds of [their] entitlement to relief" ; it requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (quotation marks omitted). Plaintiff has not set forth a plausible complaint; it consists solely of labels and conclusions, failing in its attempt to simply recite the elements of the alleged causes of action.

III. Analysis

    A.  Defendant is Not Liable as Successor to AVMC

In one short paragraph, Plaintiff claims that "Defendant American Valve, Inc., [is] successor to the liability of American Valve Mfg. Corp".  Amended Complaint, ¶ 6.  No other facts are alleged to support this allegation.  It is the "label and conclusion" that will not do.  See, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The remainder of the Amended Complaint does not specify whether the allegations are against Defendant for its own actions or merely as a successor in liability to AVMC.    However, given the context of the identification of Defendant as successor, all allegations are presumed to be against Defendant as successor.

There is a presumption that Defendant is not liable for any claims against AVMC. In B.F. Goodrich v. Betkoski, the Second Circuit held that:

> "traditional common law rule states that a corporation acquiring the assets of another corporation only takes on its liabilities if any of the following

5

apply: the successor expressly or impliedly agrees to assume them; the transaction may be viewed as a de facto merger or consolidation; the successor is the 'mere continuation' of the predecessor; or the transaction is fraudulent." 99 F. 3d 505, 519 (1996) (internal citations omitted). See also, N.Y. v. Nat'l Svc. Ind., Inc., 352 F.3d 682 (2nd Cir. 2003) (eliminating the "substantial continuity test" in favor of the traditional rule).[1]  Thus, it was incumbent upon Plaintiff to plead in sufficient detail the following elements:

1) Defendant acquired the assets of AVMC; and one or more of the following
2) Defendant agreed to assume AVMC's liabilities;
3) There was a transaction that was a *de facto* merger;
4) Defendant is the "mere continuation" of AVMC; and/or
5) There is a transaction that was fraudulent.

None of those elements were pled, either nakedly or in the detail required under law. Compare, e.g., Kuhns Bros., Inc., v. Fushi Int'l, Inc., 2007 U.S. Dist. LEXIS 51461 (D. Conn. 2007)(pre-*Iqbal*, but only allowing claim to proceed where the plaintiff pleaded successor liability based on a simple name change).[2]  Taking a closer look at the "mere continuation" test, Plaintiff did not plead, relative to Defendant and AVMC, that there was "the existence of a single corporation after the transfer of assets, with an identity of stock, stockholders, and directors between the successor and predecessor corporations." Betkoski, at 519 (internal citations omitted).  Plaintiff made no effort to identify the stock, stockholders, or directors that might be alleged to be in common between Defendant and AVMC.

Further, inherent in the allegation that "Defendant American Valve, Inc., [is] successor to the liability of American Valve Mfg. Corp." is the potential for liability against AVMC. As set forth below, Plaintiff has failed to plead anything in the four claims that would give rise to liability against AVMC.

---

[1] Successor liability under CERCLA is an issue of Federal common law; at this time, no choice of law inquiry is necessary as to whether Defendant is a successor under the law of Connecticut or North Carolina.
[2] A copy of the decision appears at Exhibit A to the motion.

Finally, although Defendant is identified as a North Carolina corporation, there is no identification of the predecessor, *i.e.* under which state's law it is or was organized. There may be one or dozens of corporations known as American Valve Manufacturing Corporation and the Amended Complaint makes no effort to specify which of these is the alleged predecessor of Defendant.  This is to be compared with the pleading relative to Jayfro Corp. and United Sports, Inc., wherein both are identified.  See, Amended Complaint, ¶¶ 30 & 63.  Thus, the Amended Complaint must be dismissed.

> B. None of the Allegations of the First Claim Give Rise to Defendant's Liability

In the First Claim of the original Complaint, Docket No. 1, ¶ 121, Plaintiff pleaded as follows:

> Each Defendant is liable, pursuant to Section 107(a)(3), 42 U.S.C. § 9607(a)(3), as a person who, by contract, agreement or otherwise, arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment of, hazardous substances owned or possessed by each Defendant, and/or itself transported hazardous substances, to the Site, or is a successor to a person or entity that made such arrangement or arrangements or performed such transportation.

In that paragraph, Plaintiff specifically asserted that liability might be potentially predicated on being a successor.  In the Amended Complaint, Plaintiff consolidated the first two claims of the original complaint into the First Claim, and the original Paragraph 121 became Amended Complaint ¶ 107:

> Each Defendant is a person who contracted, agreed, or otherwise intentionally arranged for disposal or treatment, or itself transported or arranged for the disposal or treatment of hazardous substances at or to the Site, and each has no defense against liability pursuant to §107(b).

Although paragraphs 84 and 85[3] are incorporated into the First Claim by paragraph 105, paragraphs 84 and 85 do not assert that the predecessors-in-interest such as AVMC were liable, let alone provide a factually sufficient basis.  Absent any allegation in this or any other claim that AVMC was liable as predecessor, Defendant cannot be liable as successor.

Paragraph 107 is simply a restatement of 42 U.S.C. § 9607(a)(3), which imposes liability for cleanup costs on

> any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances

Imposing arranger liability on Defendant, individually or as successor to AVMC, requires more than Plaintiff inserting, in effect, the words "Defendant is" before sec. 9607(a)(3). More is required under Iqbal.

In March of this year, less than a week before Plaintiff filed the original complaint, the Second Circuit reviewed certain allegations that would not pass muster under Iqbal. In Bigio v. Coca-Cola Co., 675 F.3d 163, 173-174 (2d Cir. 2012), the Court of Appeals held:

> Many of the assertions in the Amended Complaint regarding aiding and abetting fall into this category. Thus, Plaintiffs allege that "at all times since 1994 Coca-Cola . . . exercised control of [CCE's] operations," Am. Cmplt. at ¶ 37; that "Defendants conspired with and aided and abetted their

---

[3] Restated for ease of reference:

84. Hazardous substances and hazardous wastes of the same kind as that owned, generated, possessed, arranged for disposal or transported by Defendants and/or their predecessors-in-interest are present at the Site.

85. Documents and information confirm that the hazardous substances and hazardous wastes owned, generated, possessed, arranged for disposal or transported by Defendants and/or their predecessors-in-interest were disposed of at the Site.

8

>subsidiaries and affiliates . . . and other entities with which they acted in concert . . . in the Unlawful Taking and Exclusion of the Plaintiffs, Trespass, and Conversion . . . in order to benefit the Defendants and with knowledge of the commission of these unlawful acts," Am. Cmplt. at ¶ 56; and that "Defendants knowingly and substantially assisted the principal violations committed by their subsidiaries, affiliates, and co-conspirators," Am. Cmplt. at ¶ 60. These are just the sort of "[t]hreadbare recitals of the elements of a cause of action" and "conclusory statements," Iqbal, 129 S. Ct. at 1949, that do not suffice to state a claim.

As in Bigio, the SRSNE Site Group has only made threadbare recitals. Not a single sentence in the Amended Complaint identifies the hazardous waste affiliated with Defendant or AVMC. Nothing identifies the contract or agreement giving rise to the purported liability. Nothing identifies whether Defendant or AVMC owned the unidentified hazardous substance or merely possessed it. Nothing identifies whether Defendant or AVMC itself either arranged for disposal or transported the unidentified hazardous substance itself. No other facts are suggested that in any way can assist Defendant in understanding the claim alleged against it and prepare a meaningful discovery and trial plan.

In fact, Plaintiff has not even properly pleaded that it has standing to bring a claim. In Paragraph 96 of the Amended Complaint, Plaintiff states that its members "have paid or will ultimately pay" more than their pro rata share of cleanup costs. The "or will ultimately pay" statement suggests that, perhaps, Plaintiff's members have not yet paid such excess share. If they have not yet paid it, then they are not yet entitled to contribution under 42 U.S.C. § 9613(f). See, U.S. v. Atl. Research Corp. 551 U.S. 128, 138 (2007). Absent a ripe claim, Plaintiff lacks standing. Defendant anticipates Plaintiff will attempt to suggest that Bedford Affiliates v. Sills, 156 F.3d 416, 427 (2d Cir. 1998) permits this action to proceed where the share "may" be greater proportionately. However, that case pre-dates U.S. v. Atl. Research Corp. 551 U.S. 128, 138 (2007) and

the "may" permissibility in <u>Bedford Affiliates</u> is no longer valid law.  Plaintiff has not pleaded ripeness and this Court may be devoid of subject matter jurisdiction as a result, necessitating dismissal.  See, Fed.R.Civ.P. 12(b)(1).

Plaintiff may claim that it "could have packed the Amended Complaint to more than 100 pages containing every detail of each party's liability."  See, e.g., Docket No. 202-1, at p. 6.  Plaintiff suggests there are facts it could have pled about some defendants.  However, if Plaintiff would have exceeded 100 pages, it would be because Plaintiff chose to join numerous defendants in a single action.  There is no suggestion that a proper complaint against Defendant or AVMC would have approached such a figure.   The 17 vague paragraphs, 16 of which do not specifically identify Defendant, are insufficient.  Plaintiff cannot avoid its pleading requirements by voluntarily joining multiple defendants.

Defendant further expects that Plaintiff will attempt to add additional allegations in its opposition, but those are impermissible in considering a motion to dismiss.  See, Fed.R.Civ.P. 12(d); <u>Madu, Edozie & Madu, P.C. v. Socketworks Ltd.,</u> 265 F.R.D. 106, 122-23 (S.D.N.Y. 2010) ("Courts in this Circuit have made clear that a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss.").  Based on the pleading itself, the claim must be dismissed.

### C.  Defendant is Not Liable Under C.G.S. § 22a-452

In the Second Claim for Relief of the Amended Complaint, Plaintiff nakedly asserts that "Each Defendant is a person whose negligence or other actions has caused contamination at the Site".  Amended Complaint, ¶ 112.  In addition to being a mere

threadbare recital of the kind rebuffed in Bigio, *supra*, no proper allegations have been made.  Although the claim references Conn. Gen. Stat. § 22a-452, none of the paragraphs actually mention it.  Notwithstanding that omission, Conn. Gen. Stat. § 22a-452(a), permits a plaintiff who "contains or removes or otherwise mitigates the effects …hazardous wastes resulting from any discharge … such substance or material or waste…to reimbursement from any person…for the reasonable costs expended for such containment, removal, or mitigation, if … hazardous wastes pollution or contamination … resulted from the negligence or other actions of such person…."  It also creates liability on a *pro rata* basis where there is "joint negligence".

 Inherent in a claim under the statute is that the Defendant or AVMC be alleged to have been negligent and legally culpable.  See, Connecticut Resources Recovery Auth. v. Refuse Gardens, 43 Conn. Supp. 83, 90 (Conn. Super. Ct. 1993), *aff'd* 229 Conn. 455 (1994).  Section 22a-452 is specifically contrasted to the federal Comprehensive Environmental Response Compensation and Liability Act; 42 U.S.C. §§ 9601*et seq.*, which is a strict liability statute.  Id. at 89.  Similarly, the companion statute, Section 22a-451, takes care to distinguish between intentional and negligent causation of contamination.  Id.  Plaintiff failed to state what error or omission Defendant or AVMC occasioned to give rise to potential liability.  Pleading negligence requires the following elements: duty, breach, causation, and injury. See, Chylinski v. Wal-Mart Stores, 150 F.3d 214, 218 (2d Cir. 1998) *citing* RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384 (1994).  No facts have been alleged, merely conclusions.  Plaintiff has not asserted any duty held by Defendant or AVMC.  There has not been any allegation of breach.  Nor have there been any allegations as to how Defendant or AVMC

11

proximately caused any injury, beyond stating that some unknown hazardous substance attributable in some unknown fashion to Defendant or AVMC, somehow contaminated the SRSNE site. In fact, as noted above, Plaintiff denied any liability, let alone joint negligence. Absent joint negligence, Plaintiff is not entitled to any reimbursement. Thus, the claim cannot survive.

More important, Plaintiff cannot bring both its claim for contribution under Conn. Gen. Stat. § 22a-452 and the federal Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. §§ 9601 *et seq.* State law claims for contribution were found to be pre-empted by the federal act in <u>Bedford Affiliates v. Sills</u>, 156 F.3d 416, 427 (2d Cir. 1998). This necessarily means that Section 22a-452 has been pre-empted. Thus, the second claim must be dismissed.

### D. Declaratory Relief Cannot Enter Under C.G.S. § 22a-16

The Third Claim for Relief is vague and lacks a foundation for relief, via declaratory judgment or in equity. The entirety of the claim, absent the paragraph incorporating the rest of the complaint by reference, is:

> 115. Plaintiff is entitled to a declaration to protect the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction caused by Defendants' hazardous substances and hazardous waste at the Site.
>
> 116. Defendants' conduct and failures to act, alone or in combination with other Defendants, has, or is reasonably likely to unreasonably pollute, impair, or destroy the public trust in the air, water, or other natural resource of the State of Connecticut.
>
> 117. Defendants are liable to Plaintiff for each Defendant's equitable or proportionate share of obligations and costs incurred and to be incurred and damages paid by Plaintiff and its members to restore the air, water and other natural resources affected by the Site.

And, in Prayer for Relief(b), Plaintiff asks the Court:

> As to the Third Claim for Relief, declare that each Defendant's actions were reasonably likely to unreasonably pollute, impair, or destroy the public trust in the air, water, or other natural resource of the State of Connecticut.

Again, in addition to being a mere threadbare recital of the kind rebuffed in <u>Bigio</u>, *supra*, no proper allegations have been made.

Once more, although the claim references Conn. Gen. Stat. § 22a-16, none of the paragraphs actually reference it. Notwithstanding that omission, Conn. Gen. Stat. § 22a-16, permits a plaintiff to bring an action "for declaratory and equitable relief against…any person… for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction …." That statute

> gives any person the right to bring an action for declaratory and equitable relief against pollution. To establish a prima facie case under § 22a-16, the plaintiff must establish that the "conduct of the defendant, acting alone, or in combination with others, has, or is reasonably likely unreasonably to pollute, impair, or destroy the public trust in the air, water, or other natural resource of the state…." Conn. Gen. Stat. § 22a-17(a). If the defendant is found liable, the court may grant temporary and permanent equitable relief, or may impose such conditions on the defendant as are required to protect the public trust in the air, water and other natural resources from unreasonable pollution.

<u>Calabrese v. McHugh</u>, 170 F. Supp. 2d 243, 261 (D. Conn. 2001) (internal citations omitted). It is unknown what conduct Defendant or AVMC is specifically alleged to have committed. It is unknown as to what natural resource was or is to be polluted. And, it is unknown how the public trust may have been destroyed.

Moreover, by its own terms, only declaratory and equitable relief are permitted. Yet, Paragraph 117 suggests that Plaintiff is seeking contribution from Defendant, *i.e.* that the declaration or injunction sought is one that would order payment sought in the

13

first claim. Such is impermissible. See, Conn. Water Co. v. Beausoleil, 204 Conn. 37, 44 (1987).

Further, as a predicate to bringing such a claim, Plaintiff must have exhausted administrative remedies. See, Fish Unlimited, et al. v. Northeast Utility Service Co., et al., 254 Conn. 1 (2000). There is no allegation that Plaintiff attempted to obtain equitable or declaratory relief via the Connecticut Department of Environmental Protection prior to filing suit. Although it is unclear what the precise relief is that Plaintiff seeks, as the statute does not permit a claim for damages, the Department of Environmental Protection likely had some ability to provide an acceptable remedy. Id.; see also, Conn. Gen. Stat. § 22a-7 (giving broad authority to the Commissioner of Environmental Protection to issue cease and desist orders and orders to alleviate a condition). Having failed to exhaust remedies, the claim must be dismissed.

In addition, this Court has found that a cause under § 22a-16 is akin to a tort when considering when the cause of action accrues. Calabrese, at 261; Nielsen v. Sioux Tools, Inc., 870 F. Supp. 435, 443 (D. Conn. 1994). There is but a three year statute of limitations. Nielsen, at 443. Although the Amended Complaint does not assert in what year Defendant or AVMC might last have been allegedly liable, the alleged contamination had ceased and remediation was underway by September 2006. See, Amended Complaint, ¶¶ 91 & 92. This is approximately 5 and a half years prior to the filing of the instant complaint. Thus, the Third Claim is untimely and should be dismissed. See, Durham Mfg. Co. v. Merriam Mfg. Co., 294 F. Supp. 2d 251 (D. Conn

2003); but see, SVS II P'ship v. Patel, 2010 Conn. Super. LEXIS 154 (Conn. Super. Ct. Jan. 14, 2010) (finding that the statute of limitations does not apply).[4]

### E.  Declaratory Relief Cannot Enter Under 28 U.S.C. § 2201

The final claim, being the Fourth Claim, is one that seeks a declaration that "each Defendant is liable to Plaintiff for its respective equitable/proportionate share of all costs and obligations incurred and to be incurred by Plaintiff and its members in connection with the Site".  Amended Complaint, Prayer (c).  Under the Federal Declaratory Judgments Act, Congress has authorized declaratory judgments only "in . . . cases of actual controversy." 28 U.S.C. § 2201.  The Second Circuit summarized the analysis as follows:

> [T]he question we must ask is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. The controversy must be real and substantial admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.  Whether a real and immediate controversy exists in a particular case is a matter of degree and must be determined on a case-by-case basis. Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 17 (2d Cir. 1993) (internal citations and quotation marks omitted).

The threshold inquiry is whether Plaintiff has alleged any facts.  As with the other counts, this one fails for lack of pleading per Iqbal.  No factual allegations have been raised and there is there mere recitation that there is a "real and actual controversy".  See, Amended Complaint, ¶ 119.  Absent any factual allegations relating to Defendant or AVMC, there is no reality.  There has been no factual allegation to warrant an inference that there would be sufficient immediacy:  Plaintiff is effectively seeking declaration that it is entitled to the monetary judgment sought in the First Claim.  The

---

[4] A copy of the case appears at Exhibit B to the motion.

Fourth Claim is predicated on the viability of the First Claim and is rendered moot by any determination of that claim. That is, if the Plaintiff prevails on the First Claim, there is no need for the Fourth Claim, and if the First Claim fails, the Court cannot make the predicate finding Plaintiff seeks. It lacks immediacy. It is neither real nor substantial independent of the First Claim. Thus, no proper claim has been alleged per 28 U.S.C. § 2201 and Fed.R.Civ.P. 57.

IV. Conclusion

In light of the failure to meet the pleading requirements, failure to properly allege successorship, failure to demonstrate standing or ripeness, failure to allege CERCLA liability, failure to allege Conn. Gen. Stat. § 22a-16 liability, failure to allege Conn. Gen. Stat. § 22a-452 liability, failure to allege negligence, failure to exhaust administrative remedies, failure to plead in a timely manner, and failure to plead a controversy of sufficient immediacy or reality, among other failures, the Amended Complaint against Defendant must be dismissed. A proposed order is submitted herewith.

Date: October 5, 2012

Respectfully submitted,
THE DEFENDANT
AMERICAN VALVE, INC.

By: /s/ Jay M. Wolman
Jay M. Wolman phv05566
Raymond Law Group LLC
20 Park Plaza, 4th Floor
Boston, MA 02116
P: (617) 314-6462
F: (617) 848-2253

wolman@raymondlawgroup.com
*Admitted pro hac vice*

Bruce H. Raymond ct04981
Raymond Law Group LLC
90 National Drive, Suite 3
Glastonbury, CT 06033
P: 860-633-0580
F: 860-633-0438
raymond@raymondlawgroup.com

Its Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Date:  October 5, 2012                                     /s/ Jay M. Wolman
                                                            Jay M. Wolman