UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SRSNE Site Group, | ) |
| Plaintiff, | ) Civil Action No. 3:12-cv-00443 (VLB) |
| v. | ) |
| Advanced Coatings Co., et al. | ) November 9, 2012 |
| Defendants. | ) |

## DEFENDANT AMERICAN VALVE, INC.'S REPLY TO PLAINTIFF'S OBJECTION TO MOTION OF DEFENDANT AMERICAN VALVE, INC., TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant American Valve, Inc. ("Defendant" or "American Valve"), hereby replies to Plaintiff's Objection to Defendant American Valve, Inc.'s Motion to Dismiss, Docket No. 237, and memorandum in support thereof, filed on October 26, 2012, in response to the Motion of Defendant American Valve, Inc., to Dismiss Plaintiff's Amended Complaint, Docket No. 226. Nothing in Plaintiff's objection suggest that Plaintiff's Amended Complaint, Docket No. 45, properly states a claim that suggests Defendant is liable to it. No matter how recent Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) may be, Plaintiff is not excused from complying with their requirements. Plaintiff has effectively admitted that the pleading is insufficient by virtue of its impermissible attempt to introduce facts and documents outside the pleading in its objection, which this Court should properly ignore.

I.   The Amended Complaint Lacks Factual Allegations and Attachments to Plaintiff's Objection cannot be Considered

As noted in the motion to dismiss, just days before the complaint was filed the Second Circuit issued its opinion in Bigio v. Coca-Cola Co., 675 F.3d 163 (2d Cir. 2012). Plaintiff made no mention of this case in its objection. See, Memorandum in Support of Objection, pp. 2-7. In Bigio, the plaintiff made threadbare recitals in its complaint of the elements of the cause of action, simply adding in the parties' names to make conclusory allegations; the complaint was properly dismissed. Id. This is precisely what occurred here and Plaintiff does not dispute that its complaint does not contain the details of its allegations against Defendant and its alleged predecessor. Instead, at page 6 of the memorandum to its objection, Plaintiff cites to the unreported matter of Jones v. National Communications and Surveillance Networks, 266 Fed. Appx. 31, 32 (2nd Cir. 2008); to the extent it is incompatible with Bigio, as a subsequent, reported decision, Bigio has the superior precedential value.

Rather than claim that Plaintiff's complaint is well pleaded, Defendant properly anticipated in the motion that Plaintiff would complain that a properly pleaded complaint would be unwieldy. See, Memorandum is Support of Objection, page 6. The only reason Plaintiff's Amended Complaint might have contained in excess of 100 pages is because Plaintiff chose to implead 60 defendants in a single action. In effect, Plaintiff is suggesting that Fed.R.Civ.P. 20(a), which might permit such joinder, modifies the pleading requirement of Iqbal and Bigio. Nothing in those cases gives rise to that suggestion. Plaintiff could have filed a separate action, with facts set forth against Defendant in that complaint, with the complaint well under the 100 page mark, and then

sought to consolidate the actions per Fed.R.Civ.P. 42(a). Plaintiff chose joinder over pleading and Defendant should not be prejudiced or deprived of its right to a well pleaded complaint by virtue of Plaintiff's mere convenience.

Plaintiff, as expected, has attempted to avoid its duty to plead by introducing allegations and documents not filed with the Amended Complaint. Such is impermissible. See, Fed.R.Civ.P. 12(d); Madu, Edozie & Madu, P.C. v. Socketworks Ltd., 265 F.R.D. 106, 122-23 (S.D.N.Y. 2010) ("Courts in this Circuit have made clear that a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss."). Instead of attending to this Circuit, Plaintiff looks to a First Circuit matter of Watterson v. Page, 987 F.2d 1 (1993) and misapplies Brass v. Am. Film Technologies, Inc., 987 F.2d 142 (2d Cir. 1993), two pre-Iqbal and Bigio matters  The Second Circuit in Brass did not suggest that a plaintiff may submit in its opposition to a motion to dismiss "documents either in plaintiff's possession or of which plaintiff has knowledge and relied on in bringing suit". Id. Instead, it indicated that such documents could be considered by the trial court in considering a motion to dismiss and cited to Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991), cert. denied, 112 S. Ct. 1561, 118 L. Ed. 2d 208 (1992). In Cortec, the Second Circuit addressed whether a *defendant* could introduce such documents in bringing a motion to dismiss; it did not state that a *plaintiff* could use such to avoid its pleading requirements. Thus, the Court has no basis to consider the exhibits introduced by Plaintiff.

II.     The Documents Submitted do Not Give Rise to a Claim

Plaintiff has not pleaded successor liability properly nor do the supplied documents cure this failure.  In N.Y. v. National Svc. Ind., Inc., 352 F.3d 682, 687 n.1 (2nd Cir. 2003), the Second Circuit suggested that state law of successor liability rather than federal common law might be applied, but it deferred deciding that question, leaving the implication that the federal approach used in B.F. Goodrich v. Betkoski, 99 F.3d 505 (2d Cir. 1996) is the current approach.  Plaintiff suggests at Footnote 5 on page 10 of its Memorandum that the failure to specify a state law in the opposition is fatal, yet Plaintiff does not undertake to suggest that it properly alleged successor liability under any state's law.  However, under any of these approaches, be it the federal approach used in the motion or the state approaches, no claim is properly alleged.

Connecticut law mirrors the traditional approach used in Betkoski and analyzed in the motion. See, Kuhns Bros., Inc., v. Fushi Int'l, Inc., 2007 U.S. Dist. LEXIS 51461 (D. Conn. 2007) ("The potential bases for successor liability in Connecticut are as follows:   Under the general rule, a corporation which purchases all the assets of another company does not become liable for the debts and liabilities of its predecessor unless (1) the purchase agreement expressly or impliedly so provides; (2) there was a merger or consolidation of the two firms; (3) the purchaser is a "mere continuation" of the seller; or (4) the transaction is entered into fraudulently for the purpose of escaping liability." )  New York law, where the alleged predecessor was organized, follows the same approach.  See, N.Y. v. Nat'l Serv. Indus., 460 F.3d 201, 209 (2nd Cir. 2006), quoting Schumacher v. Richards Shear Co., 59 N.Y.2d 239, 245 (1983) (successor

liability attaches where ""(1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations.")  And, that very approach is followed by North Carolina as well.  See, Atwell v. DJO, Inc., 803 F. Supp. 2d 369, 371-372 (E.D.N.C. 2011) quoting Budd Tire Corp. v. Pierce Tire Co., 90 N.C. App. 684 (N.C. Ct. App. 1988)(a successor is liable where "(1) there is an express or implied agreement by the purchasing corporation to assume the debt or liability; (2) the transfer amounts to a de facto merger of the two corporations; (3) the transfer of assets was done for the purpose of defrauding the corporation's creditors, or; (4) the purchasing corporation is a 'mere continuation' of the selling corporation in that the purchasing corporation has some of the same shareholders, directors, and officers.").  However, the "mere continuation" test stated in Budd Tire Corp. is not exact; it was later refined to be "Continuity of ownership, inadequacy of consideration, or lack of some of the elements of a good faith purchaser for value."  G.P. Publ'ns, Inc. v. Quebecor Printing, 125 N.C. App. 424, 439 (N.C. Ct. App. 1997).  Neither Plaintiff's Amended Complaint nor the objection allege any of these factors.

   Should this Court not strike the documents submitted as exhibits by Plaintiff and referenced in pages 9-12 of the Memorandum in Support of the Objection, it is important to note that they do not support the allegation or cure Plaintiff's pleading omissions.  First, Plaintiff points to a September 20, 2006, letter, purportedly from the U.S. Environmental Protection Agency ("EPA"), to suggest that that agency felt Defendant might be liable for the acts of American Valve Manufacturing Corporation ("AVMC").

The letter is not authenticated and cannot properly be considered.  Further, the letter contains no recitation of any facts to support successor liability other than a "c/o" line in the address block. The May 13, 2005, letter suffers the same flaws.  Additional ill-identified documents include mailings to a Frederick Guterman at the alleged predecessor, meant to comport with the mailing by the EPA to Defendant.  At most, this alleges a single overlapping officer, insufficient to meet any of the tests.  In fact, Plaintiff's own documents, page 19 of Document 237-3, contradict the identity question.

Page 20 of Document 237-3 fails to allege that AVMC might be liable; it is an unauthenticated document that lacks any statements of fact, and itself indicates it is hearsay, relying on other documents for "gallon[s]" of something.  One of those unauthenticated documents, at page 22, contains handwritten changes and is specious.  The unauthenticated document at pages 23 and 25 are illegible.  The unauthenticated documents at pages 24, 27, 28 and 29 do not identify AVMC, as opposed to the company in page 19.  The unauthenticated document at page 26 does not indicate that the subject site ever received the PCE.

Document 237-4, which appears to be a third-party report on a trademark, rather than a record of the U.S. Patent & Trademark Office, suggests that Defendant might own a trademark of the alleged predecessor.  This only would bring the above-tests of successorship into consideration; as noted, there is a presumption the purchaser of an asset is not subject to the liabilities of the seller.  Trademark ownership does not comport with any of the stated exceptions to the presumption of non-liability.

Finally, Plaintiff relies on two articles, accessed just a few days prior to the filing of the objection, wherein Defendant allegedly was sued by the State of New York as a

successor to AVMC and entered into a settlement.  Nothing suggests successor liability was proved or admitted; another plaintiff's mere allegation of successorship cannot give rise to Plaintiff's own allegation and, as this court is aware, there are a plethora of reasons for an innocent defendant to settle a case.  Other than a similar name, a single officer, and a trademark, Plaintiff has failed to allege that Defendant purchased all of the assets of AVMC or that these facts could meet any of the exceptions to the presumption against successor liability.  Thus, there is nothing in the documents, even if the Court were to consider them, demonstrating a claim has been properly alleged against Defendant.

  III. The Claims are Legally Insufficient

    A. The Section 113(f) Claim is Unripe

Plaintiff's arguments regarding ripeness of its claim under Section 113(f) fall flat.  See, Memorandum in Support of Objection at pp. 12-13.  As expected, Plaintiff argues that Bedford Affiliates v. Sills, 156 F.3d 416, 427 (2d Cir. 1998) permits this action to proceed where the share "may" be greater proportionately.  However, that case pre-dates U.S. v. Atl. Research Corp. 551 U.S. 128, 138 (2007) and the "may" permissibility in Bedford Affiliates is no longer valid law.  Rather than addressing the Supreme Court's decision in Atl. Research Corp., Plaintiff calls it "dicta".  Plaintiff misunderstands the Supreme Court's reasoning; although the case was about Section 107(a) rather than Section 113(f)(1), the Court first interpreted Section 113(f) in order to then interpret 107(a).  That interpretation is central to the ruling, rendering the statement that Plaintiff's right to contribution being "contingent upon an inequitable distribution of common liability" part of the holding.  Such contingency cannot exist unless there is a pleading

that Plaintiff has, in fact, paid more than its share, absent here. Plaintiff's claim that the right of contribution would be rendered meaningless due to the passage of time is similarly belied by Plaintiff's own Amended Complaint in which it seeks to reach back decades. This is fully consistent with CERCLA's purposes, as it would encourage responsible parties to engage in clean up efforts as early as possible in order to ensure timely contribution claims can be made.

### B.  The C.G.S. § 22a-452 is Not Properly Pleaded

With respect to the claim under C.G.S. § 22a-452, Plaintiff has failed to dispute Defendant's motion. See, Memorandum in Support of Objection at pp. 15-16. Defendant argued that Plaintiff was required to plead negligence and cited <u>Connecticut Resources Recovery Auth. v. Refuse Gardens</u>, 43 Conn. Supp. 83, 90 (Conn. Super. Ct. 1993), *aff'd* 229 Conn. 455 (1994) to show it is not a strict liability statute. See, Memorandum in Support of Motion at p. 11. Plaintiff's sole response is that the statute permits a claim where there is negligence "or other actions", trying to turn the latter into a strict liability phrasing, directly contrary to <u>Refuse Gardens</u>, which case it cites to approvingly. Plaintiff was required to plead negligence and failed to do so. Moreover, as to this claim and its other claims, Plaintiff's sole response to the detailed argument why there were insufficient facts pleaded per claim is simply that "Plaintiff has included sufficient information", without showing how that information is sufficient.

Moreover, although Plaintiff argues at page 3 of its memorandum in support of the objection that the claim under C.G.S. § 22a-452 is not pre-empted, in <u>Bedford Affiliates v. Sills</u>, 156 F.3d 416, 426 (2nd Cir. 1998), the Second Circuit prohibited double-recovery for CERCLA and state law claims. Plaintiff claims entitlement to recovery due

to payments made under CERCLA.  While <u>Bedford</u> permits state actions to *supplement* CERCLA, the claimed liability under section 22a-452 is *coextensive* with CERCLA contribution claims Thus, just as the <u>Bedford</u> court found that restitution and indemnification common law claims were pre-empted, so too would a claim under section 22a-452 seeking contribution be pre-empted.

          C.  The C.G.S. § 22a-16 Claim Must Fail

Plaintiff has confused Defendant's arguments regarding C.G.S. § 22a-16 and the fact that the claim is untimely with the arguments regarding C.G.S. § 22a-452. Compare Memorandum in Support of Objection, pp. 14-15, with Memorandum in Support of Motion, pp. 14-15.  The claim under C.G.S. § 22a-16 asserts it is for declaratory relief.  By September 2006, Defendant was known to the EPA as a potentially responsible party.  Although Defendant denies responsibility, that is the starting point to trigger the statute of limitations to subject Defendant to section 22a-16. It is independent of the entry of the consent decree and the beginning of remediation, rendering Plaintiff's entire argument on the matter irrelevant.

In addressing the statute at page 16-17 of its memorandum, Plaintiff simply states that it has a right to bring a declaratory action.  Plaintiff does not rebut that it is really seeking an order of payment, improper under the statute, nor does it rebut that it failed to exhaust administrative remedies as required.  Finally, it fails to actually assert how Defendant threatens the public trust; only that the alleged predecessor in some unspecified way subjecting it to, as previously argued, unknown CERCLA liability, causes Defendant to threaten the public trust.  Having failed to address Defendant's motion, Plaintiff's claims cannot stand.

### D. Plaintiff is Not Entitled to Declaratory Relief

Plaintiff's entire response to the motion to dismiss relative to the claim for declaratory relief is that it properly pleaded liability under CERCLA section 113(f). See, Memorandum in Support of Objection at p. 17. Nothing in the Amended Complaint, let alone the impermissible exhibits, as discussed more fully above, makes proper allegations of liability, as successor or otherwise, against Defendant. The claim for declaratory relief is an extension of the CERCLA claim and cannot stand on its own legs. There is no real or actual controversy. There is no immediacy. No proper claim has been alleged per 28 U.S.C. § 2201 and Fed.R.Civ.P. 57. It must be dismissed.

### IV.   Conclusion

Plaintiff's objection neither properly addresses nor cures the failings identified in the motion to dismiss. Plaintiff failed to plead its claims, standing or ripeness, and cannot introduce exhibits at this stage to cure that failure. None of the claims are legally sufficient. There has been no proper allegation of successorship, merely, as with the rest of the pleading, conclusory allegations. No claim has been stated to give rise to CERCLA liability, Conn. Gen. Stat. § 22a-16 liability, or Conn. Gen. Stat. § 22a-452, or warrant a declaratory judgment. The Amended Complaint against Defendant must be dismissed.

Date: November 9, 2012

    Respectfully submitted,
    THE DEFENDANT
    AMERICAN VALVE, INC.

    By: /s/ Jay M. Wolman
    Jay M. Wolman phv05566

Raymond Law Group LLC
20 Park Plaza, 4th Floor
Boston, MA 02116
P:  (617) 314-6462
F:  (617) 848-2253
wolman@raymondlawgroup.com
*Admitted pro hac vice*

Bruce H. Raymond ct04981
Raymond Law Group LLC
90 National Drive, Suite 3
Glastonbury, CT 06033
P: 860-633-0580
F: 860-633-0438
raymond@raymondlawgroup.com

Its Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Date:  November 9, 2012                                    /s/ Jay M. Wolman
                                                                          Jay M. Wolman