UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SRSNE SITE GROUP, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:12-CV-443 (VLB) |
| v. | : | |
| | : | |
| ADVANCE COATINGS CO., et al. | : | February 21, 2014 |
|     Defendants. | : | |

**MEMORANDUM OF DECISION GRANTING DEFENDANT RICHARD TANNING COMPANY, INC.'s MOTION TO DISMISS (*de facto* MOTION TO STRIKE) [Dkt. 330]**

I.    Introduction

Plaintiff SRSNE Site Group (the "Site Group") is an unincorporated association comprised of a group of corporations that incurred or expect to incur costs as a result of the Environmental Protection Agency ("EPA")-supervised cleanup of hazardous waste at the SRSNE Site (the "Site") in Southington, Connecticut. Defendant Richard Tanning Company, Inc. ("Tanning") is one of several other corporations allegedly jointly responsible for the hazardous waste at the Site that to this point have not contributed to the cleanup effort.

The Site Group brings this action for monetary and declaratory relief against Tanning and others under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") (42 U.S.C. § 9601 *et seq.*).

Tanning has moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), seeking to dismiss only the portion of the Second Amended Complaint requesting the award of attorneys' fees.

For the reasons that follow, Tanning's motion is DENIED.

II.   Background

The following allegations are taken from the complaint and from the Site Group's attached affidavit.  From 1955 to 1991, Solvents Recovery Service, which later became Solvents Recovery Service of New England, Inc. processed and stored hazardous waste at a site on Lazy Lane in Southington, Connecticut.  [Dkt. 283, Second Am. Compl. ¶¶ 7, 10.]  During that time, SRSNE released hazardous waste into the environment as a result of both operational practices and accidents.  [*Id.* ¶¶ 11-17.]  Defendant Richard Tanning Company, Inc. is alleged to have disposed of at least 66,534 gallons of hazardous substances at the Site in the 1980s.  [*Id.* ¶¶ 165-68.]  Tanning is alleged to have not incurred any costs related to the cleanup of the site as of the time of the filing of the Second Amended Complaint.  [*Id.* ¶ 35.]

Plaintiff SRSNE Site Group is a group of corporations that used SRSNE's services and entered into a consent decree by which they agreed to reimburse the United States and the State of Connecticut for certain past and future response and oversight costs, to reimburse the United States, the State of Connecticut, and the Southington Water District for natural resource damage, and to perform all further cleanup at the Site.  [*Id.* ¶¶ 1, 31.]  Plaintiffs' members have incurred costs for the investigation and remediation of the site and expect to incur future costs.  [*Id.* ¶ 33.] The Site Group now seeks equitable contribution from those allegedly jointly responsible parties, including Tanning, that have not joined the cleanup.  [*Id.* ¶ 199.]  In the Prayer for Relief in the Second Amended

Complaint, Plaintiff asks the Court to "[a]ward Plaintiff its attorneys' fees and costs in prosecuting this action." [*Id.* p. 32.]

### III. Legal Standard

As a preliminary matter, the Court notes that Tanning is not properly bringing a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), as Tanning is not challenging the subject matter jurisdiction of the Court or the legal sufficiency of any of the Site Group's substantive theories of liability. Rather, Tanning "moves to dismiss" one of the forms of relief requested by Plaintiffs in Second Amended Complaint's Prayer for Relief. Such a motion is not properly a motion to dismiss and is more properly styled as a motion to strike, and the Court will treat it as a motion to strike. *Compare* Fed. R. Civ. P. 12(b), *with* Fed R. Civ. P. 12(f).

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are "generally disfavored." *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010) (citing *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984), *vacated and remanded on other grounds*, 478 U.S. 1015 (1986)). "Whether or not there is merit in Defendants' motion to strike, courts in this circuit have denied a defendant's motion to strike or to dismiss claims for attorney's fees even though the likelihood that plaintiff will be able to recover attorney's fees is small, because dismissal of such claims at the pleading stage would be premature." *Elliott v. Gouverneur Tribune Press, Inc.*, No. 7:13-cv-00055, 2013 U.S. Dist. LEXIS 169921, at *10-11 (N.D.N.Y. Dec. 3, 2013)

3

(denying defendants' Rule 12(f) motion to strike plaintiffs' request for attorney's fees) (citation and internal quotation omitted).  District courts "should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (citations omitted).

Even if the Court were to treat the motion as a motion to dismiss rather than a motion to strike, it would not need to rule on Plaintiffs' request for punitive damages at this time.  At the motion to dismiss stage, plaintiffs need not prove that they are entitled to each form of relief sought, so long as they have adequately plead the underlying claim.  "[I]t need not appear that plaintiff can obtain the particular relief prayed for, as long as the court can ascertain that some relief may be granted." *Limited, Inc. v. McCrory Corp.*, 683 F. Supp. 387, 393 (S.D.N.Y. 1988) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1357, at 602 (1969)) (finding that plaintiff had adequately plead damages even if plaintiff was not ultimately entitled to consequential damages as asserted by defendant); *cf. Sec. Nat'l Bank v. Abbott Laboratories*, No. 11-cv-4017-DEO, 2012 U.S. Dist. LEXIS 11929, at *64 (N.D. Iowa, Feb. 1, 2012) ("[P]unitive damages are not a cause of action, and as such, so long as there are surviving claims, they are not subject to a motion to dismiss. Only after a plaintiff has proven their case are punitive damages considered.").

IV.     Discussion

Although the Court need not reach the issue of whether attorneys' fees are recoverable at this time, the Court will address Defendant's arguments to provide some clarity for the parties.  Defendant argues that Plaintiff cannot seek an award

4

of attorneys' fees as a form of relief in this action because such relief is barred (1) because the American Rule provides that each party bears their own attorneys' fees absent statutory or contractual provisions to the contrary; and (2) attorneys' fees and litigation expenses are generally not recoverable by private parties under CERCLA.

The Supreme Court has already provided answers to both of Defendant's arguments, explicitly providing that the American Rule does not govern the issue completely, and that certain attorneys' fees may be recovered under CERCLA. *Key Tronic Corp. v. United States*, 511 U.S. 809 (1994). Section 107 of CERCLA provides that a defendant may be liable for:

> "(A) all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan;
> 
> (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan;
> 
> (C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release; and
> 
> (D) the costs of any health assessment or health effects study carried out under section 104(i)."

42 U.S.C. § 9607(a)(4).[1]

---

[1] Plaintiff also sues under CERCLA section 113(f), under which a party may seek contribution from other liable or potentially liable parties: "Any person may seek contribution from any other person who is liable or potentially liable under

5

Case 3:12-cv-00443-VLB   Document 372   Filed 02/21/14   Page 6 of 8

The Supreme Court has held that section 107 of CERCLA "does not provide for the award of private litigants' attorney's fees associated with bringing a cost recovery action." *Key Tronic Corp*, 511 U.S. at 819. However, the Supreme Court also held that not all "payments that happen to be made to a lawyer" are unrecoverable, and that "some lawyers' work that is closely tied to the actual cleanup may constitute a necessary cost of response in and of itself under the terms of § 107(a)(4)(B)." *Key Tronic*, 511 U.S. at 819-20. The *Key Tronic* Court held that the plaintiffs in that case could recover the cost of their attorneys' work on identifying other potentially responsible parties, and that the American Rule did not bar such costs "because they are not incurred in pursuing litigation." *Key Tronic*, 511 U.S. at 820 (quotation and citation omitted). The Supreme Court further reasoned: "Tracking down other responsible solvent polluters increases the probability that a cleanup will be effective and get paid for. [Plaintiff] is therefore quite right to claim that such efforts significantly benefited the entire cleanup effort and served a statutory purpose apart from the reallocation of costs. These kinds of activities are recoverable costs of response clearly distinguishable from litigation expenses." *Key Tronic*, 511 U.S. at 820.

Plaintiffs may not recover attorney's fees for work that is "primarily protecting [plaintiff's] interests as a defendant in the proceedings that

---

section 107(a), during or following any civil action under section 106 or under section 107(a). Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate. Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under section 106 or section 107." 42 U.S.C. § 9613(f)(1).

6

established the extent of its liability." *Key Tronic*, 511 U.S. at 820.  This category includes attorney's fees associated with negotiations with the EPA regarding the consent decree, and studies prepared or supervised by counsel during negotiations with the EPA, even if those studies ultimately aided the cleanup. *Key Tronic*, 511 U.S. at 820; *see also Syms v. Olin Corp.*, 408 F.3d 95, 104 (2d Cir. 2005) (denying plaintiff's request for attorney's fees where plaintiff has not shown that counsel helped to uncover any potentially responsible parties, and where negotiations regarding site access primarily protected the interests of the plaintiff as a landowner and were not necessary response costs).

Although the Plaintiffs' request for attorney's fees may be limited to fees for certain categories of work as prescribed by the Supreme Court in *Key Tronic* if they prevail upon the cause of action, the Court declines to strike them at this time, because such action is premature. *Cf. Neumann v. Carlson Envtl., Inc.*, 429 F. Supp. 2d 946, 960 (N.D. Ill. 2006) (denying motion to strike plaintiffs' request for attorneys' fees, where "it is unclear at this time how much, if any, of the plaintiffs' attorneys fees will be recoverable," "because plaintiffs may be able to show that some of their attorney costs are 'closely tied' to the actual cleanup of the water pollution at issue").

V.  Conclusion

For the foregoing reasons, Tanning's [Dkt. 330] Motion to Dismiss (*de facto* Motion to Strike) is DENIED.

**IT IS SO ORDERED.**

_____/s/_____
**Hon. Vanessa L. Bryant
United States District Judge**

**Dated at Hartford, Connecticut: February 21, 2014.**